ON REHEARING
In applying for a rehearing, appellant has filed and submitted a stipulation of the parties that a certified supplemental record (attached to the stipulation) be made a part of the record in this case. We have ordered that the rules be suspended under Rule 2(b), ARAP, and the stipulation be accepted as a part of the record.
The record as supplemented contains material that reveals a comprehensive hearing and determination by the trial court, in the presence of defendant and his appointed counsel, of counsel’s motion that he be allowed to withdraw. The record now shows a plenary disclosure to defendant of any and all circumstances that could conceivably have affected the question whether his appointed counsel should have been allowed to withdraw. An extended colloquy among the trial judge, defendant and his appointed counsel ended as follows:
“THE COURT:
“. . . The purpose of our being here today is to be sure that you feel secure in the attorney that represents you and if, this makes any difference to you or you would feel more comfortable or feel that you would be better represented — have a better chance to be found not guilty of this charge with another attorney, then I will certainly appoint one for you today and Mr. Knight will understand that. As I said, it is not anything personal, but it is just a matter of you feeling that you have the best, possible defense, best circumstances, everything working together to give you the best chance of being found not guilty.
“MR. CURRINGTON: Well, I am satisfied with Mr. Knight.
“THE COURT: You want to continue on with Mr. Knight, your attorney, knowing full well.
“MR. CURRINGTON: Yes, sir.
“THE COURT: You understand?
“MR. CURRINGTON: Yes, sir, I understand it all.
“THE COURT: You understand everything that we have discussed here, you comprehend it and understand it?
“MR. CURRINGTON: Fully understand it.
“THE COURT: All right, Mr. Knight, we will go ahead on then.”
Counsel for defendant measured up to the very highest standard of professional conduct. The court made it clear to defendant that other counsel would be appointed to represent him if he so desired. Defendant made it clear to the court that he desired for his appointed attorney to continue to represent him. In weighing the matter as between defendant and his appointed counsel, the court decided it in favor of defendant. There is no contention, and no basis for any contention, that any other attorney or attorneys would have rendered defendant a better service than that rendered by his counsel on the trial and his counsel on appeal. The ruling of the trial court was neither erroneous nor injurious to defendant.
The application for rehearing is overruled.
APPLICATION OVERRULED; OPINION EXTENDED.
All the Judges concur.